## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| LARRY KLAYMAN<br>7050 W. Palmetto Park Rd<br>Boca Raton FL 33433<br><br>       Plaintiff,<br><br>v.<br><br>HON. COLLEEN KOLLAR KOTELLY<br>c/o 333 Constitution Ave NW<br>Washington DC 20001<br><br>      Defendants. | **COMPLAINT** |

## I.    INTRODUCTION

Plaintiff LARRY KLAYMAN ("Mr. Klayman") brings this action against HON. COLLEEN KOLLAR KOTELLY ("Judge Kotelly") for violation of his due process rights as guaranteed by the Fourteenth Amendment and the First Amendment to the Constitution pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) ("*Bivens*").

## II.    JURISDICTION

Jurisdiction is proper before this Court because it seeks damages in excess of $10,000 and equitable relief, but under no circumstances seeks damages in excess of $75,000.

## III.    PARTIES

### Plaintiff

1.    LARRY KLAYMAN is an individual, natural person, who at all material times was and is a citizen of Florida.

### Defendants

2.      Judge Kotelly is on information and belief an individual and a citizen of the District of Columbia. She is a judge at the U.S. District Court for the District of Columbia ("District Court").

## IV.   STANDING

3.      Mr. Klayman has standing to bring this action because he has been directly affected, harmed, and victimized by the unlawful conduct complained herein. His injuries are directly and proximately related to the conduct of Judge Kotelly.

## V.   FACTS

4.      Mr. Klayman had been a member of the District Court since his admission on May 6, 1985.

5.      Over the years Mr. Klayman has had a number of cases before Judge Kotelly both in the capacity as an attorney representing a client and also as a *pro se* litigant. Without exception, each and every one of these cases has resulted in Judge Kotelly exhibiting clear extrajudicial bias and prejudice as well as personal animus against Mr. Klayman.

6.      Mr. Klayman has been forced to, on numerous occasions, as a result of this patent extrajudicial bias and prejudice, move to disqualify Judge Kotelly. This has only had the effect of deepening Judge Kotelly's animus, bias, and prejudice towards Mr. Klayman.

7.      As a result, Mr. Klayman has never been able to receive a remotely fair adjudication based on the facts and the law when he is involved in a case that is assigned to Judge Kotelly.

8.      Mr. Klayman had the misfortune of having a case styled *Klayman v. Judicial Watch*, 06-cv-00670 (D.D.C.) (the "Judicial Watch Case") assigned to Judge Kotelly.

9.      Over the course of the last unprecedented seventeen (17) years during which Judge Kotelly has presided over the Judicial Watch Case, she has made a countless number of highly prejudicial errors, decisions not based on law or fact, and ultimately, clearly intentional attempts to deprive Mr. Klayman of his due process rights as a litigant.

10.     Now, Judge Kotelly has made the completely and unexplainable, arbitrary and capricious decisions to deprive Mr. Klayman of even the ability to file electronically in the Judicial Watch case. Exhibit 1, *Minute Order of February 4, 2022.*

11.     In this Minute Order, Judge Kotelly admits that she is denying Mr. Klayman the ability to file electronically as a matter of her "discretion," evidencing her strong extrajudicial bias and prejudice towards Mr. Klayman.

12.     There is, simply put, no rational explanation for Judge Kotelly to deprive Mr. Klayman of the ability to file electronically other than Judge Kotelly being driven by a vindictive and irrational intent  to deprive Mr. Klayman of the ability to participate meaningfully in the Judicial Watch Case as a litigant.

13.     By depriving Mr. Klayman of the ability to file electronically, Judge Kotelly is knowingly and intentionally forcing Mr. Klayman to expend a minimum of $200 dollars each and every time that he wishes to file anything in the Judicial Watch Case to hire a legal service – even for a pleading that may be only one page long. To date, since Judge Kotelly's Minute Order, Mr. Klayman has been forced to expend literally thousands of dollars just to be able to litigate the Judicial Watch Case.

14.     The other alternative, which is to submit pleadings for filing via courier delivery to the office of the clerk of the Court, is also exorbitantly expensive.

15.     Both available means of filing have also resulted in enormous delays in having Mr. Klayman's pleadings actually docketed which have severely prejudiced Mr. Klayman as well.

16.     For instance, on November 3, 2022, Mr. Klayman had delivered to the clerk of the District Court a Motion for Extension of Time to File Objections. This was not docketed by the clerk of the District Court for five (5) days, until November 8, 2022 – the date that Mr. Klayman's pleading was due.

17.     And, more recently, Mr. Klayman had delivered via Federal Express a Notice of Appeal in the Judicial Watch Case on September 5, 2023. Mr. Klayman waited two weeks until September 19, 2023 and it still was not docketed, and discovered that it was apparently just misplaced and lost by the clerk's office. The potential type of human error is only present where Mr. Klayman is not allowed to file electronically, and this could have potentially deprived him of the ability to pursue his claims on appeal. As a result, Mr. Klayman, if he had not discovered this situation, would have had his time to appeal run and he would have lost all of his appellate rights.

18.     Furthermore, denying Mr. Klayman the right to file electronically makes it untenable for Mr. Klayman to meaningfully and timely participate in the Judicial Watch Case – which is Judge Kotelly's clear goal. The clerk's office is also forced to receive, filter, manually scan and docket pleadings and Judge Kotelly does not receive text-searchable PDF documents, as she would if they were filed electronically. She is in effect having Mr. Klayman play "Russian Roulette" with legal filings which, when untimely filed as a result, prejudice Mr. Klayman's cases and legal rights.

19.     Importantly,  every single other judge in the District Court has without hesitation or second thought allowed Mr. Klayman to file electronically in cases that he has before them, particularly there is no prejudice to anyone to allow Mr. Klayman to file electronically.

20.     This makes Judge Kotelly's conduct all the more telling, petty, hateful and egregious. Her conduct is a violation of her oath of office to treat all litigants fairly without regard to person and frankly would shock the conscience of any honest and ethical jurist.  She is intent on irrationally denying Mr. Klayman from having meaningful access to participate in the Judicial Watch Case and any other case of Mr. Klayman's  hat may unfortunately come before her in the future. Her   conduct is much more than arbitrary and capricious, and must be remedied. No prejudice would result to Judge Kotelly or any adverse party to Mr. Klayman by virtue of his being permitted, as all other federal court judges in the District Court have ordered, to be able to file pleadings electronically, rather than Mr. Klayman being punished over her hatred for him.

21.     Mr. Klayman now has no other adequate remedy at law. Judge Kotelly's Minute Order cannot be appealed, and Mr. Klayman has filed a Complaint with the Judicial Council for the U.S. Court of Appeals for the District of Columbia Circuit, which was been ignored by Judge Kotelly's colleagues on the Judicial Council.

## FIRST CAUSE OF ACTION
### *Bivens* - Fourteenth Amendment Due Process

22.     Mr. Klayman repeats and re-alleges all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

23.     Judge Kotelly's actions constitute a violation to Mr. Klayman constitutional rights secured by the Due Process clause of the Fourteenth Amendment.

24.     Judge Kotelly denied Mr. Klayman due process rights by denying him the basic, fundamental right to even file electronically in the Judicial Watch Case,

25.     In doing so, Judge Kotelly has openly exhibited and, in essence admitted, that she is trying to deprive Mr. Klayman of having meaningful access to the Judicial Watch Case as a litigant.

26.     Thus, Judge Kotelly has denied Mr. Klayman due process by taking away meaningful and effective access to the legal system and taking away his right to have his cases actually heard and considered by the judicial system.

27.     Judge Kotelly's actions are  intentional, malicious, willful, wanton, petty, vindictive and in gross and reckless disregard of Mr. Klayman's constitutional rights.

28.     Mr. Klayman prays for injunctive and equitable relief against Judge Kotelly, as well as damages in the sum of monies that he has unnecessarily had to spend to simply participate in the Judicial Watch Case.

## FIRST CAUSE OF ACTION
### *Bivens* – First Amendment Retaliation

29.     Mr. Klayman repeats and re-alleges all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

30.     Mr. Klayman has a constitutional First Amendment right to access the Courts in a meaningful manner.

31.     Mr. Klayman's pleadings with the District Court constitute constitutionally protected speech and activity.

32.     Judge Kotelly has retaliated against Mr. Klayman due to an extrajudicial personal animus and bias against him, and due to him having had to  move to disqualify her in the past

and having filed Complaints with the Judicial Council for the U.S. Court of Appeals for the District of Columbia Circuit.

33.   Judge Kotelly has strongly curtailed Mr. Klayman's constitutionally protected right to access the Courts in a meaningful fashion,

34.   Mr. Klayman prays for injunctive and equitable relief against Judge Kotelly, as well as damages in the sum of monies that he has unnecessarily had to spend to simply participate in the Judicial Watch Case.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Mr. Klayman prays for relief and judgment against Judge Kotelly and for an order mandating that he be allowed to file electronically in all cases before her, and for damages in the sum to be determined at trial and which are in excess of 5,000.00 to date but well less than $75,000.00.

Dated: September 22, 2023                     Respectfully submitted,


/s/ Larry Klayman
Larry Klayman, Esq.
KLAYMAN LAW GROUP, P.A.
7050 W. Palmetto Park Rd
Boca Raton, FL, 33433
Email: leklayman@gmail.com

*Plaintiff Pro Se*