UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN,<br><br>   Plaintiff,<br><br> v.<br><br>HON. COLLEEN KOLLAR-KOTELLY,<br><br>   Defendant. | Civil Action No. 23-3773 (TJK) |

**DEFENDANT'S STATUS REPORT**

  By and through undersigned counsel, Defendant respectfully submits this status report to provide the Court information regarding future proceedings in this matter.

  1. Plaintiff Larry Klayman filed this action in the Superior Court for the District of Columbia on or about September 21, 2023, and counsel for the Defendant removed it to this Court on December 20, 2023.  *See* Not. Removal, ECF No. 1.  The complaint appears to seek damages from the Honorable Colleen Kollar-Kotelly arising out of the performance of her duties as a federal judge.  *See* Compl., ECF No. 1-1.

  2. Defendant is not currently under an obligation to respond to the complaint because Plaintiff, who appears pro se, has failed to properly serve Defendant and the United States as required by both the Superior Court Rules of Civil Procedure ("Superior Court Rules") and the Federal Rules of Civil Procedure ("Federal Rules"), which have equivalent requirements, including service on the United States Attorney for the District of Columbia.  Fed. R. Civ. P. 12(a);

*see* Fed. R. Civ. P. 4(i); Super. Ct. R. Civ. P. 4(i).  To date, the U.S. Attorney's Office has no record of service of a summons and complaint for the matter.[1]

4. The time for service has now expired.  Super. Ct. R. Civ. P. 4(m); Fed. R. Civ. P. 4(m).  Pursuant to Federal Rule 4(m), the Court should afford Plaintiff an additional thirty-day period to effect service, and if Plaintiff (an attorney who is currently suspended from the practice of law by order dated September 15, 2022 of the District of Columbia Court of Appeals) fails to perfect service in that period and file proof of service promptly thereafter, the Court should dismiss this suit.  *See Morrissey v. Mayorkas*, 17 F.4th 1150, 1157–58 (D.C. Cir. 2021).

5. Federal government defendants are afforded sixty days from service on the U.S. Attorney's Office to respond to complaints.  *See* Fed. R. Civ. P. 12(a)(2), 12(a)(3).  Although Defendant is currently under no obligation to respond to the complaint, Defendant is prepared to assist the Court in resolving the case by moving to dismiss the complaint by February 2, 2024.

| | |
|---|---|
| Dated: December 26, 2023 | Respectfully submitted, |
| | MATTHEW M. GRAVES, D.C. Bar #481052<br>United States Attorney |
| | BRIAN P. HUDAK<br>Chief, Civil Division |
| | By:  */s/ Jane M. Lyons*<br>JANE M. LYONS, D.C. Bar #451737<br>Assistant United States Attorney<br>601 D Street, NW<br>Washington, DC 20530<br>(202) 252-2540 |
| | *Attorneys for the Defendant* |

---

[1] The undersigned personally checked the service recordation system for the Civil Division of the U.S. Attorney's Office called the "Electronic Green Book," in which service from all three methods described below are recorded.  That system contains no record of service on the U.S. Attorney's Office in this action as of the time of drafting this filing.

## **CERTIFICATE OF SERVICE**

      I certify that on December 26, 2023, I caused a copy of the foregoing Defendant's Status Report to be served by sending a duplicate through the United States Postal Service with prepaid first-class postage and addressed to:

LARRY KLAYMAN  
7050 W. Palmetto Park Rd.  
Boca Raton, FL 33433

                                                */s/ Jane M. Lyons*  
                                                JANE M. LYONS  
                                                Assistant United States Attorney