UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY KLAYMAN,

      Plaintiff,

    v.

HON. COLLEEN KOLLAR-KOTELLY,

      Defendant.

Civil Action No. 23-3773 (TJK)

## <u>DEFENDANT'S MOTION TO DISMISS</u>

Defendant, Judge Colleen Kollar-Kotelly, through undersigned counsel, respectfully moves to dismiss this case pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). The grounds for this motion are set forth in the accompanying Memorandum of Points and Authorities.

Dated: February 2, 2024

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: _____*Jane M. Lyons*_____
     JANE M. LYONS, D.C. Bar #451737
     Assistant United States Attorney
     601 D Street, NW
     Washington, DC 20530
     (202) 252-2540
     Jane.Lyons@usdoj.gov

*Attorneys for the Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY KLAYMAN,

        Plaintiff,

    v.

HON. COLLEEN KOLLAR-KOTELLY,

        Defendant.

Civil Action No. 23-3773 (TJK)

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS**

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

JANE M. LYONS, D.C. Bar #451737
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2540
Jane.Lyons@usdoj.gov

*Attorneys for the Defendant*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................... ii

STANDARDS OF REVIEW ........................................................................................... 3

    I.     Standards for Dismissal Under Rule 12(b)(1) ............................................... 3

    II.    Standards for Dismissal Under Rule 12(b)(6) ............................................... 4

    III.   Standards for Dismissal Under Rule 12(b)(5) ............................................... 6

ARGUMENT .................................................................................................................. 7

    I.     The Complaint Should Be Dismissed In Its Entirety Because This Court Lacks Subject Matter Jurisdiction ........................................................................ 7

    II.    Judicial Immunity Bars This Action ......................................................... 9

    III.   The Complaint Also Fails to State a Claim on Which Relief May Be Granted ... 13

    IV.   Insufficient Service of Process and the Absence of Proof of Adequate Service on the Docket Also Warrant Dismissal ......................................................... 17

CONCLUSION ............................................................................................................... 19

# TABLE OF AUTHORITIES

## Federal Cases

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ................................................................................... 4, 5, 13, 15

*Atherton v. Dist. of Columbia Off. of the Mayor,*
  567 F.3d 672 (D.C. Cir. 2009) ............................................................................. 14

*Bank Dallas, N.A., v. United States,*
  769 F.2d 299 (5th Cir. 1985) ................................................................................. 4

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ................................................................................... 4, 5, 14

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,*
  403 U.S. 388 (1971) ............................................................................. 3, 8, 9, 12

*Block v. North Dakota ex rel. Bd. of Univ. & School Lands,*
  461 U.S. 273 (1983) ............................................................................................ 14

*Brown v. District of Columbia,*
  514 F.3d 1279 (D.C. Cir. 2008) ............................................................................ 4

*Brown v. Whole Foods Market Group, Inc.,*
  789 F.3d 146 (D.C. Cir. 2015) .............................................................................. 5

*Butz v. Economou,*
  438 U.S. 478 (1978) ............................................................................................ 17

*Candido v. Dist. of Columbia,*
  242 F.R.D. 151 (D.D.C. 2007) .............................................................................. 6

*Clark v. Library of Congress,*
  750 F.2d 89 (D.C. Cir. 1984) .............................................................................. 15

*Cofield v. United States,*
  64 F. Supp. 3d 206 (D.D.C. 2014) ........................................................................ 8

*Cole v. United States,*
  657 F.2d 107 (7th Cir. 1981) ................................................................................ 4

*Cook v. Billington,*
  541 F. Supp. 2d 358 (D.D.C. 2008) ...................................................................... 3

*Coulibaly v. Kerry,*
  213 F. Supp. 3d 93 (D.D.C. 2016) ...................................................................... 15

*Davis v. United States,*
  944 F. Supp. 2d 36 (D.D.C. 2013) ...................................................................... 16

*Dickson v. United States,*
  831 F. Supp. 893 (D.D.C. 1993) ......................................................................... 15

*District of Columbia v. Wesby,*
  138 S. Ct. 577 (2018) .......................................................................................... 12

*Dougherty v. United States,*
  156 F. Supp. 3d 222 (D.D.C. 2016) .................................................................... 15

*Egbert v. Boule,*
  142 S. Ct. 1793 (2022) ........................................................................................ 12

*Erickson v. Pardus,*
  551 U.S. 89 (2007) ................................................................................................ 5

*FDIC v. Meyer*,
  510 U.S. 471 (1994)..................................................................................................... 14

*Forrester v. White*,
  484 U.S. 219 (1988)..................................................................................................... 13

*GAF Corp. v. United States*,
  818 F.2d 901 (D.C. Cir. 1987)..................................................................................... 16

*Hammond v. Fed. Bureau of Prisons*,
  740 F. Supp. 2d 103 (D.D.C. 2010)............................................................................ 16

*Harlow v. Fitzgerald*,
  457 U.S. 800 (1982)..................................................................................................... 17

*Herbert v. Nat'l Acad. of Sciences*,
  974 F.2d 192 (D.C. Cir. 1992)....................................................................................... 3

*Hilska v. Jones*,
  217 F.R.D. 16 (D.D.C. 2003).......................................................................................... 6

*In re Fannie Mae Secs. Litig.*,
  552 F.3d 814 (D.C. Cir. 2009)..................................................................................... 11

*Jackson v. Bush*,
  448 F. Supp. 2d 198 (D.D.C. 2006)............................................................................ 14

*Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*,
  101 F.3d 145 (D.C. Cir. 1996)..................................................................................... 11

*Jefferson Cty, Ala. v. Acker*,
  527 U.S. 423 (1999)....................................................................................................... 7

*Jenkins v. Kerry*,
  928 F. Supp.2d 122 (D.D.C. 2013).............................................................................. 10

*Kentucky v. Graham*,
  473 U.S. 159 (1985)..................................................................................................... 15

*Kim v. United States*,
  632 F.3d 713 (D.C. Cir. 2011)..................................................................................... 15

*Kissi v. U.S.*,
  Civil Action No. 08-1213, 2008 WL 3154971 (D.D.C. Aug. 5, 2008) ....................... 9

*Kowal v. MCI Commc'ns Corp.*,
  16 F.3d 1271 (D.C. Cir. 1994)....................................................................................... 5

*Lambert Run Coal Co. v. Balt. & Ohio R.R. Co.*,
  258 U.S. 377 (1922).................................................................................................. 7, 8

*Lane v. Peña*,
  518 U.S. 187 (1996)....................................................................................................... 4

*Lepone-Dempsey v. Carroll Cty. Comm'rs*,
  476 F.3d 1277 (11th Cir. 2007) .................................................................................. 17

*Lewis v. Bayh*,
  577 F. Supp. 2d 47 (D.D.C. 2008).............................................................................. 13

*Light v. Wolf*,
  816 F.2d 746 (D.C. Cir. 1987)....................................................................................... 6

*Loumiet v. United States*,
  828 F.3d 935 (D.C. Cir. 2016)..................................................................................... 12

*Macharia v. United States*,
  334 F.3d 61 (D.C. Cir. 2003)......................................................................................... 3

*Mann v. Castiel,*
    681 F.3d 368 (D.C. Cir. 2012) ............................................................... 6, 18, 19

*Marshall v. Reno,*
    915 F. Supp. 426 (D.D.C. 1996) ...................................................................... 15

*McKoy-Shields v. First Wash. Realty, Inc.,*
    Civ. A. No. 11-1419, 2012 WL 1076195 (D.D.C. Mar. 30, 2012) ......................... 8

*McNutt v. Gen. Motors Acceptance Corp.,*
    298 U.S. 178 (1936) .......................................................................................... 4

*Merkulov v. U.S. Park Police,*
    75 F. Supp. 3d 126 (D.D.C. 2014) ............................................................... 7, 8, 9

*Mireles v. Waco,*
    502 U.S. 9 (1991) ...................................................................................... 9, 10, 11

*Morrissey v. Mayorkas,*
    17 F.4th 1150 (D.C. Cir. 2021) .................................................................. 6, 7, 18

*Norton v. United States,*
    530 F. Supp. 3d 1 (D.D.C. 2021) ...................................................................... 16

*Palmer v. City Nat'l Bank of W. Va.,*
    498 F.3d 236 (4th Cir. 2007) ............................................................................ 8

*Palmieri v. United States,*
    896 F.3d 579 (D.C. Cir. 2018) ......................................................................... 12

*Pub. Warehousing Co. v. Def. Supply Ctr. Phila.,*
    489 F. Supp. 2d 30 (D.D.C. 2007) ..................................................................... 3

*Rann v. Chao,*
    154 F. Supp. 2d 61 (D.D.C. 2001) ..................................................................... 4

*Richardson v. United States,*
    193 F.3d 545 (D.C. Cir. 1999) ...................................................................... 5, 17

*Scolaro v. D.C. Bd. of Elections & Ethics,*
    104 F. Supp. 2d 18 (D.D.C. 2000) ..................................................................... 4

*Sindram v. Suda,*
    986 F.2d 1459 (D.C. Cir. 1993) ......................................................................... 9

*Sissel v. Dep't of Health & Human Servs.,*
    760 F.3d 1 (D.C. Cir. 2014) ............................................................................... 5

*Smalls v. United States,*
    471 F.3d 186 (D.C. Cir. 2006) ......................................................................... 15

*Smith v. Scalia,*
    44 F. Supp. 3d 28 (D.D.C. 2014) ................................................................ 10, 12

*Steel Co. v. Citizens for a Better Env't,*
    523 U.S. 83 (1998) ............................................................................................ 4

*Stump v. Sparkman,*
    435 U.S. 349 (1978) .......................................................................................... 9

*Thomas v. Wilkins,*
    61 F. Supp. 3d 13 (D.D.C. 2014) .......................................................... 10, 11, 13

*Thompson v. Capitol Police Bd.,*
    120 F. Supp. 2d 78 (D.D.C. 2000) ..................................................................... 3

*Tom Sawyer Prods., Inc. v. Progressive Partners Achieving Solutions, Inc.,*
    550 F. Supp. 2d 23 (D.D.C. 2008) ..................................................................... 7

*Tri-State Hosp. Supply Corp. v. United States*,
   341 F.3d 571 (D.C. Cir. 2003) ............................................................. 14
*United States v. Sherwood*,
   312 U.S. 584 (1941) .................................................................. 4, 9, 14
*Walsh v. Ford Motor Co.*,
   807 F.2d 1000 (D.C. Cir. 1986) ........................................................... 18
*Williams v. Perdue*,
   386 F. Supp. 3d 50 (D.D.C. 2019) ......................................................... 9
*Ziglar v. Abassi*,
   137 S. Ct. 1843 (2017) ................................................................... 12

### District of Columbia Case

*In re Klayman*, 282 A.3d 584 (D.C. Sept. 15, 2022) .................................... 11

### Federal Statutes

28 U.S.C. § 2680(a) ....................................................................... 16
28 U.S.C. § 137 ........................................................................... 12
28 U.S.C. § 1294 .......................................................................... 10
28 U.S.C. § 1441 ........................................................................... 8
28 U.S.C. § 1442 ...................................................................... 3, 7, 9
28 U.S.C. § 2675 .......................................................................... 16
28 U.S.C. § 2680(h) ....................................................................... 16
28 U.S.C. § 1291 .......................................................................... 10
28 U.S.C. § 1346(b) ........................................................................ 8
28 U.S.C. § 2674 .......................................................................... 16

### Federal Rules

Fed. R. Civ. P. 4 ......................................................................... 17
Fed. R. Civ. P. 4(i)(1)(A)(ii) ............................................................ 17
Fed. R. Civ. P. 4(i)(3) ................................................................ 6, 18
Fed. R. Civ. P. 4(m) ............................................................... 7, 17, 18
Fed. R. Civ. P. 12(h)(3) ................................................................... 9
Fed. R. Civ. P. 6(b) ...................................................................... 11
Fed. R. Civ. P. 12(b)(5) ............................................................... 3, 6
Fed. R. Civ. P. 12(b)(1) ............................................................ 3, 4, 15

### Federal Regulations

28 C.F.R. § 14.2(a) ....................................................................... 16

Through counsel, Defendant the Honorable Colleen Kollar-Kotelly, a United States District Court Judge, respectfully submits this memorandum in support of her motion to dismiss.

## SUMMARY OF KEY ALLEGATIONS AND PROCEDURAL HISTORY

Plaintiff Larry Klayman filed a complaint in the Superior Court of the District of Columbia on or about September 21, 2023.  The complaint sought damages from Judge Kollar-Kotelly arising out of her Minute Order of February 4, 2022, declining to restore Klayman's electronic filing privileges[1] in a civil case, *Klayman v. Judicial Watch, Inc.*, Civ. A. No. 06-0670 (CKK) (D.D.C.), in which Klayman is the plaintiff.  *See* ECF No. 1-1, Compl. ¶ 1.[2]  In relevant part, that Minute Order provides:

> Plaintiff seeks "leave to file electronically" in this case. Pursuant to Local Rule of Civil Procedure 5.4(b), a "pro se party may obtain a CM/ECF user name and password from the Clerk with leave of Court." The decision whether to grant the motion "is within the discretion of the judge to whom the case is assigned." The Motion must describe the party's access to the internet and certify that he "either has successfully completed the entire Clerk's Office on-line tutorial or has been permitted to file electronically in other federal courts." LCvR 5.4(b)(2). The Court DENIES WITHOUT PREJUDICE Plaintiff's Motion. Plaintiff has demonstrated sufficient ability to file pleadings on the docket. Each of the Court's Orders and Minute Orders in this case will specify that the Clerk shall mail a copy of the order to Plaintiff at his address of record. Defendants similarly must ensure that each

---

[1]    The docket includes a Minute Order entered on November 19, 2021, denying without prejudice a previous request Klayman had made for electronic filing privileges.  In relevant part, the November 19, 2021 Minute Order provides:

> The Court DENIES WITHOUT PREJUDICE Plaintiff's Motion to the extent it seeks leave to file pleadings electronically. First, Plaintiff has not met the requirements of LCvR 5.4(b)(2). Second, Plaintiff has demonstrated sufficient ability to file pleadings on the docket.  Each of the Court's Orders and Minute Orders in this case will specify that the Clerk shall mail a copy of the order to Plaintiff at his address of record. Defendants similarly must ensure that each filing is properly served upon Plaintiff in accordance with the Federal and Local Rules. The Clerk shall mail a copy of this Minute Order to Plaintiff at his address of record.

[2]    As of the filing of this motion, Klayman has taken an appeal to the D.C. Circuit (No. 23-7119) of an order requiring him to pay Judicial Watch over $700,000 in attorney's fees and costs.

filing is properly served upon Plaintiff in accordance with the Federal and Local Rules. The Clerk shall mail a copy of this Minute Order to Plaintiff at his address of record.

Nothing in Klayman's single-paragraph motion (*Klayman*, Civ. A. No. 06-0670, ECF No. 639) indicated any past difficulty or delays accessing the Clerk's Office to submit filings in the case, nor did Klayman's motion mention related costs he was incurring from residing outside the District of Columbia metropolitan area, as alleged in the Superior Court complaint (ECF No. 1-1, Compl. ¶¶ 13-18) as reasons why the February 4, 2022 Minute Order was allegedly, among other things, "bias[ed]," "irrational," "vindictive," and "petty." (*id.* ¶¶ 11, 12, 20).   Because the motion requesting electronic filing privileges dated February 2, 2022 contained none of the information about difficulties or costs, however, Judge Kollar-Kotelly had no opportunity to consider them. Nor did Klayman ever renew his motion, which had been denied without prejudice.[3]

The complaint Klayman filed in the Superior Court of the District of Columbia against Judge Kollar-Kotelly alleged the absence of any other review mechanism for the February 4, 2022 Minute Order (ECF No. 1-1, Compl.. ¶ 21), and that the Minute Order violated the due process clause contained in the Fourteenth Amendment (¶¶ 22-28) and transgresses a right of meaningful access to courts contained in the First Amendment (*id.* ¶¶ 29-34).  For relief, the complaint sought an order requiring that Klayman be allowed to file electronically in all cases assigned to Judge

---

[3]     Prior to the denial of electronic filing privileges on February 4, 2022, the District Court's docket in *Klayman*, Civ. A. No. 06-0670, reflects that Klayman and a co-plaintiff were initially represented by the same attorney from the filing of the complaint in April 2006, until January 23, 2008, when Klayman began making electronic filings in the case himself and exclusively on behalf of himself.  Klayman listed his same attorney (without local counsel) as co-counsel, and Klayman included either a Florida bar number (*id.*, ECF No. 99) or a D.C. bar number (*id.*, ECF No. 103). In April 2008, Plaintiffs' counsel withdrew his appearance (*id.*, ECF No. 143), and Klayman represented himself during the jury trial of his claims and Judicial Watch's counterclaims conducted in 2018 before Judge Kollar-Kotelly, which resulted in a verdict in favor of Judicial Watch and Thomas J. Fitton on counterclaims (*id.*, ECF No. 560).

Kollar-Kotelly, and damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), in the amount of at least $5,000.

Defendant filed in this Court a Notice of Removal under 28 U.S.C. § 1442 on December 20, 2023. At the time of the removal, the Superior Court's docket did not reflect any proof of service of process on the defendant, and the time for effectuating proper and complete service and filing proof of it has expired without the required actions by the plaintiff to prosecute this matter within the applicable procedural rules.

## STANDARDS OF REVIEW

Judge Kollar-Kotelly moves to dismiss this action under Federal Rules of Civil Procedure ("Rule") 12(b)(1), 12(b)(5), and 12(b)(6).

## I.   <u>Standards for Dismissal Under Rule 12(b)(1)</u>

Plaintiff has the burden of establishing that the Court has jurisdiction over each of his claims. *See* Fed. R. Civ. P. 12(b)(1); *see also Pub. Warehousing Co. v. Def. Supply Ctr. Phila.*, 489 F. Supp. 2d 30, 35 (D.D.C. 2007). Indeed, Plaintiff must establish jurisdiction "by a preponderance of the evidence." *Thompson v. Capitol Police Bd.*, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted). To determine the existence of jurisdiction, if necessary, the Court may look beyond the Complaint's allegations and consider affidavits and other extrinsic information, and ultimately weigh any conflicting evidence. *See Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992); *Cook v. Billington*, 541 F. Supp. 2d 358, 362 n.3 (D.D.C. 2008).

Consistent with fundamental principles of federal judicial authority, Rule 12(b)(1) provides that a claim must be dismissed if a district court lacks jurisdiction to entertain it. Because Rule 12(b)(1) concerns a court's ability to hear a particular claim, courts must scrutinize allegations more closely when considering a motion to dismiss pursuant to Rule 12(b)(1) than it would under a motion to dismiss pursuant to Rule 12(b)(6). *Macharia v. United States*, 334 F.3d 61, 64, 69

(D.C. Cir. 2003).  In considering a motion under Rule 12(b)(1), a court must "accept as true all of the factual allegations contained in the complaint" and draw all reasonable inferences in favor of the plaintiff.  *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008).  But courts are "not required . . . to accept inferences unsupported by the facts or legal conclusions that are cast as factual allegations."  *Rann v. Chao*, 154 F. Supp. 2d 61, 64 (D.D.C. 2001).

Further, the "court may consider such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction in the case."  *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000).  Ultimately, the plaintiff bears the burden of establishing the Court's jurisdiction, *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83 (1936), and where jurisdiction does not exist, "the court cannot proceed at all in any cause," *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).  Among its jurisdictional showings, a party suing the United States must establish that the government has unequivocally waived its immunity and that he has satisfied all prerequisites to filing suit. *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *Interstate Bank Dallas, N.A., v. United States*, 769 F.2d 299, 303 (5th Cir. 1985); *Cole v. United States*, 657 F.2d 107, 109 (7th Cir. 1981).  Waivers of sovereign immunity are strictly construed in favor of the United States.  *Lane v. Peña*, 518 U.S. 187, 192 (1996).

## II.    <u>Standards for Dismissal Under Rule 12(b)(6)</u>

Alternatively, Defendant moves to dismiss for failure to state a claim under Rule 12(b)(6). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly*.  "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to

legal conclusions," and "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 678-79.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id.* (quoting *Twombly*, 550 U.S. at 555), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *id.* (citing *Twombly*, 550 U.S. at 555).

As Plaintiff is proceeding *pro se*, his pleading may be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), even though Klayman is an attorney who is presently suspended from the practice of law in the District of Columbia. No amount of latitude can sustain the claims set forth in the complaint or excuse the absence of service of process, and as discussed herein, the Complaint should be dismissed for multiple, independent reasons. When considering a motion to dismiss under Rule 12(b)(6), the Court is bound to construe a complaint liberally in the plaintiff's favor, and it should grant the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). But these inferences must be reasonable, and prior to dismissal, the Court should also consider all of Plaintiff's submissions and whether leave to amend could allow an amendment that would be other than futile. *See Sissel v. Dep't of Health & Hum. Servs.*, 760 F.3d 1, 4 (D.C. Cir. 2014); *Brown v. Whole Foods Mkt. Grp., Inc.,* 789 F.3d 146, 152 (D.C. Cir. 2015) (citing *Richardson v. United States,* 193 F.3d 545, 548 (D.C. Cir. 1999)). As demonstrated below, however, no claim for

damages survives absolute judicial immunity, nor is any claim for injunctive relief viable.  The

sole mechanism for redress of the Minute Order is a proper request directed to the D.C. Circuit.

### III.  <u>Standards for Dismissal Under Rule 12(b)(5)</u>

Federal Rule of Civil Procedure 12(b)(5) governs motions to dismiss for insufficient

service of process.  Plaintiff bears the burden of proving proper and complete service has been

timely accomplished, but plaintiffs are not permitted to undertake service of process personally.

Rule 4(c)(2); *see Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003) (citing *Light v. Wolf*, 816 F.2d

746, 751 (D.C. Cir. 1987)).  "To do so, he must demonstrate that the procedure employed satisfied

the requirements of the relevant portions of Rule 4 [which governs summonses] and any other

applicable provision of law."  *Light*, 816 F.2d at 751. "To serve a United States agency or

corporation, or a United States officer or employee sued only in an official capacity, a party must

serve the United States and also send a copy of the summons and of the complaint by registered

or certified mail to the agency, corporation, officer, or employee." Rule 4(i)(2).  For cases in which

claims against federal officers or employees are sued in their personal capacity, additional service

requirements apply.  Rule 4(i)(3).  Service is not effective, and this Court lacks jurisdiction, until

all these requirements have been satisfied.  *Morrissey v. Mayorkas*, 17 F.4th 1150, 1156 (D.C. Cir.

2021) (quoting *Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012)).  A plaintiff has ninety days

to effect Rule 4 service on a defendant.  Fed. R. Civ. P. 4(m).  After ninety days, "the court—on

motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against

that defendant or order that service be made within a specified time."  *Id.*  That said, "if the plaintiff

shows good cause for the failure, the court must extend the time for service for an appropriate

period." *Id.*

"[U]nless the procedural requirements for effective service of process are satisfied, a court

lacks authority to exercise personal jurisdiction over the defendant." *Candido v. District of*

*Columbia*, 242 F.R.D. 151, 160 (D.D.C. 2007).  Failure to effect proper service is thus a "fatal" jurisdictional defect and is grounds for dismissal.  *See Tom Sawyer Prods., Inc. v. Progressive Partners Achieving Sols., Inc.*, 550 F. Supp. 2d 23, 26 (D.D.C. 2008).  The decision to dismiss for lack of service or extend the service period is ultimately committed to the sound discretion of the District Court.  *Morrissey*, 17 F.4th at 1156 ("we review a district court's dismissal under Rule 4(m) for abuse of discretion").  Importantly, in the D.C. Circuit, no heightened standard applies to a court dismissing without prejudice a suit for failure to effect service within the prescribed period and in the prescribed manner, even if such a dismissal would bar future litigation due to other sources of law (*e.g.*, a statute of limitations).  *Id.* at 1157.

## ARGUMENT

### I.   The Complaint Should Be Dismissed In Its Entirety Because This Court Lacks <u>Subject Matter Jurisdiction.</u>

"'The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction.'"  *Merkulov v. U.S. Park Police*, 75 F. Supp. 3d 126, 129 (D.D.C. 2014) (quoting *Lambert Run Coal Co. v. Balt. & Ohio R.R. Co.*, 258 U.S. 377, 382 (1922)).  This matter was originally filed in the Superior Court of the District of Columbia, *see* Compl., and was removed to this Court pursuant to 28 U.S.C. § 1442, *see* ECF No. 1.  Under 28 U.S.C. § 1442, removal is permitted for a "civil action . . . commenced in a State court and that is against or directed to . . . [t]he United States or any agency thereof of any officer . . . of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office[.]"  28 U.S.C. § 1442; *see  Jefferson County v. Acker*, 527 U.S. 423, 431 (1999) (holding that county tax collection suit brought against federal judges was properly removed from state to federal court).  Upon removal, "the Court must satisfy itself that it maintains jurisdiction over the removed proceeding."  *Merkulov*, 75 F. Supp. 3d at 129.  And "[i]f a State court lack[ed] subject matter

jurisdiction over a suit, the Federal court likewise lacks jurisdiction over the suit upon removal, even if the Federal court would have maintained jurisdiction 'in a like suit originally brought there[.]'" *Id.* (quoting *Lambert Run*, 258 U.S. at 382). In essence, "'a federal court's jurisdiction over a removed case [must] mirror the jurisdiction that the state court had over the action prior to removal.'" *Id.* (quoting *Palmer v. City Nat'l Bank of W. Va.*, 498 F.3d 236, 239 (4th Cir. 2007)). Where such derivative jurisdiction is lacking, "a Federal court must dismiss [the] case[.]" *Id.*[4]

To determine whether this Court lacks subject matter jurisdiction by virtue of the doctrine of derivative jurisdiction, the threshold determination is whether, prior to removal, the Superior Court of the District of Columbia had jurisdiction over the subject matter or the defendant. *See McKoy-Shields v. First Wash. Realty, Inc.*, Civ. A. No. 11-1419, 2012 WL 1076195, at *2 (D.D.C. Mar. 30, 2012); *see also Cofield v. United States*, 64 F. Supp. 3d 206, 214 (D.D.C. 2014). The complaint includes a prayer for relief that would impact the Defendant's case management as well as a request for damages from Defendant in her personal capacity insofar as *Bivens*, where employed, implies exclusively a damage remedy against federal officers or employees. In any event and as explained below, claims for relief based on allegations of being ill-treated or irritated by a federal judge assigned to a pending civil case are barred by judicial immunity and otherwise not within the scope of any valid waiver of sovereign immunity, including the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), and 2671-80 ("FTCA"), if damages were sought against Defendant in her official capacity.

Moreover, the Superior Court of the District of Columbia also lacked jurisdiction over the defendant as a federal officers or judge with respect to all claims, including those for constitutional

---

[4]     Notably, "Congress eliminated the doctrine of derivative jurisdiction for removal made pursuant to 28 U.S.C. § 1441." *Merkulov*, 75 F. Supp. 3d at 130. But "Congress has made no such corresponding amendment to the removal rules contained in Section 1442[.]" *Id.*

violations. *Williams v. Perdue*, 386 F. Supp. 3d 50, 54 (D.D.C. 2019) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). As discussed below, the United States and its agencies, officials, and employees are absolutely immune from constitutional tort claims, such as those alleged in the Complaint.

The Superior Court thus lacked jurisdiction over Plaintiff's claims and the defendant. *Id.* Although this Court would normally have jurisdiction over proper and properly exhausted and sufficiently pled FTCA claims (under circumstances not present here because of judicial immunity from suit), following removal under section 1442, this Court lacks jurisdiction to address any such common law tort claims. *Merkulov*, 75 F. Supp. 3d at 131. Accordingly, this Court should dismiss the complaint for lack of jurisdiction. *Id.* at 129; Fed. R. Civ. P. 12(h)(3). The Court need not consider any other arguments presented, but multiple other reasons for dismissing this case exist, the strongest of which is under the doctrine of judicial immunity.

## II.     Judicial Immunity Bars This Action.

"Judges enjoy absolute immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these acts are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Kissi v. United States*, Civ. A. No. 08-1213, 2008 WL 3154971 at *1 (D.D.C. Aug. 5, 2008). Absolute immunity shields judges from suit because "it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Mireles v. Waco*, 502 U.S. 9, 10 (1991). That immunity "cannot be overcome by allegations of bad faith or malice," *id.* at 11, and applies even if the challenged action was "in error. . . or was in excess of [the judge's] authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). The "well-established remedy for alleged mishandling of a prior case is not a *Bivens* action against the . . . judge, who enjoys absolute

immunity, but an appeal or appeals in the prior case[]" after a final or appealable order is entered that is adverse to Plaintiff. *Smith v. Scalia*, 44 F. Supp. 3d 28, 42 (D.D.C. 2014) (internal quotation marks omitted); *see* 28 U.S.C. §§ 1291, 1292; *see also* 28 U.S.C. § 1294.

Absolute immunity applies here because Judge Kollar-Kotelly is acting in her judicial capacity as the presiding judge in *Klayman v. Judicial Watch, Inc.*, and her acts or omissions in that case are not subject to collateral attack in a separate lawsuit against her as a defendant. *E.g., Smith*, 44 F. Supp. 3d at 42. The touchstone for deciding whether a judge is acting in a judicial capacity is whether she "is performing a function normally performed by a judge." *Jenkins v. Kerry*, 928 F. Supp.2d 122, 134 (D.D.C. 2013); *see also Mireles*, 502 U.S. at 12. The complaint's allegations against Judge Kollar-Kotelly, without exception, clearly arise from her handling of an existing case contentiously and vigorously fought by the parties in which Klayman is the plaintiff. *See* ECF No. 1-1, Compl. ¶ 1.

Judge Kollar-Kotelly's management of one case in a large docket of civil and criminal cases "is an action routinely performed by a judge in the course of litigation" and therefore is a judicial act to which absolute immunity applies. *Thomas v. Wilkins*, 61 F. Supp. 3d 13, 19 (D.D.C. 2014). Her tolerance of Klayman's electronic filings on the Court's CM/ECF system at certain times and not others because of changes in his privileges to practice law as an attorney are consistent with Local Rule 83.8(a), and Judge Kollar-Kotelly was unaware from Klayman's precipitating motion filed in 2022 that he was then having difficulty making any filings with the Clerk, which is a factor Klayman was on notice that Judge Kollar-Kotelly considered upon requests by non-attorney parties for CM/ECF filing privileges. *See Klayman v. Judicial Watch, Inc.*, Nov. 19, 2021 Minute Order. In any event, nothing in the applicable procedural rules entitles either any party or counsel to electronic filing privileges; the Case Management / Electronic Case Filing

system belongs to the court and it alone controls the universe of users; electronic filing privileges are typically automatically extended to counsel, but on February 4, 2022 when Judge Kollar-Kotelly entered the Minute Order, Klayman was suspended from the practice of law in the District of Columbia and rationally required him to follow the local rule for a pro se party and show aa valid reason for granting electronic filing privileges. *In re Klayman,* 282 A.3d 584, 590 (D.C. Sept. 15, 2022) (noting a temporary suspension beginning in January 2021).[5]  Courts have broad discretion in managing individual cases, their dockets, and the litigants before them. *See, e.g.*, *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 151–52 (D.C. Cir. 1996); *see also In re Fannie Mae Secs. Litig*., 552 F.3d 814, 822 (D.C. Cir. 2009); Fed. Rs. Civ. P. 6(b), 40.  This discretion comfortably includes controlling who has access to file directly on the electronic docket and receiving automatic notice through the District Court's CM/ECF system.

The Complaint's groundless accusation that Judge Kollar-Kotelly has violated due process of whatever source or interfered with Klayman's access to courts is dispelled by the docket (reflecting no denials of leave to file) and decisions in *Klayman*, Civ. A. No. 06-0670, and in any event, Klayman's insistence on restoration of his electronic filing privileges and compensation for the costs he incurs does not deprive Judge Kollar-Kotelly of immunity because it is well settled that immunity applies notwithstanding even allegations of malice or misconduct. *See Mireles*, 502 U.S. at 11; *Thomas*, 61 F. Supp. 3d at 19 (finding absolute judicial immunity applied to claims against District Judge notwithstanding plaintiff's allegations that the judge sabotaged the case and falsified documents).  This is "the classic case of a dissatisfied litigant" seeking to vent his frustrations by suing the judge who is presiding over his case. *Smith*, 44 F. Supp. 3d at 42; *see*

---

[5]     As noted in *In re Klayman*, Klayman challenged the temporary suspension of his electronic filing privileges in federal court in *Klayman v. Blackburne-Rigsby*, Civ. A. No. 21-0409 (D.D.C.), and did not prevail.  *In re Klayman*, 282 A.3d at 591.

28 U.S.C. § 137.  Judicial immunity exists to shield judges from the burden and risk of defending against such lawsuits, because allowing such claims to proceed would interfere with the adjudicatory process. "In the absence of such immunity protection, the judge would risk being haled into court by the losing party in every decision he rendered, and the second judge addressing the suit against the first would risk the same if he found in favor of the initial judge, a result that would imperil the proper functioning of our federal court system."  *Smith*, 44 F. Supp. 3d at 42 (cleaned up).

Constitutional claims for damages against federal officials are cognizable only as claims brought against them in their personal capacity under *Bivens*, and recognizing claims against federal judges would be exceptionally novel, presenting a new context not previously and particularly unlikely to ever be recognized by the Supreme Court and involving a new class of defendants (who, as explained above, are immune from suits based on their judicial activities). *See Egbert v. Boule*, 142 S. Ct. 1793, 1804 (2022); *Loumiet v. United States*, 828 F.3d 935, 945 (D.C. Cir. 2016).  The Supreme Court has strongly disfavored implying a damages remedy in new contexts, and several special factors, including judicial immunity, would strongly counsel against doing it here.  *Egbert*, 142 S. Ct. at 1803; *see also Ziglar v. Abassi*, 137 S. Ct. 1843, 1857-58 (2017).  Additionally, qualified immunity applies because the allegations do not give rise to the violation of any clearly established First or Fourteenth Amendment rights to access to courts to due process in the form of granting electronic filing privileges such that every reasonable federal judge in the circumstances here would understand that his or her conduct was unconstitutional. *See District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018); *Palmieri v. United States*, 896 F.3d 579, 586 (D.C. Cir. 2018).

Therefore, even were derivative jurisdiction not an insurmountable hurdle, dismissal is warranted because this case is absolutely barred by judicial immunity from suit, and not just immunity from liability.  *See Forrester v. White*, 484 U.S. 219, 225 (1988) ("As a class, judges have long enjoyed a comparatively sweeping form of immunity, though one not perfectly well-defined.  Judicial immunity apparently originated, in medieval times, as a device for discouraging collateral attacks and thereby helping to establish appellate procedures as the standard system for correcting judicial error."); *Thomas v. Wilkins*, 61 F. Supp. 3d 13, 17-18 (D.D.C. 2014).

**III.**   **The Complaint Also Fails to State a Claim on Which Relief May Be Granted.**

The frivolous nature of Klayman's claims provides an additional ground for dismissing them.  To be viable, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678.  Although a pro se litigant is generally held to less stringent standard, he "must still provide more than conclusory allegations to survive a motion to dismiss."  *Lewis v. Bayh*, 577 F. Supp. 2d 47, 56 (D.D.C. 2008) (internal citation omitted).  Even assuming the truth of the factual allegations in the complaint, it does not meet this standard.

Even assuming the truth of the well-pled allegations involving denial of electronic filing privileges and their harsher consequences on a Florida resident attempting to continue prosecuting a case he filed in the District of Columbia, those facts do not support either the allegedly improper judicial animus, bias, or prejudice (Compl. ¶ 6) or any viable claims against Judge Kollar-Kotelly not barred by judicial immunity.  Considering the entire docket in *Klayman*, Civ. A. No. 06-0670, no legitimate basis exists to question the propriety of Judge Kollar-Kotelly's management of *Klayman*, Civ. A. No. 06-0670, and even were there, the avenues for redress exclude bringing a separate action against the presiding judge.  The alleged misuse of judicial authority alleged in the complaint is barred by absolute immunity.  "Where a complaint pleads facts that are 'merely

consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *Atherton v. D.C. Off. of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (requiring that the pleadings "suggest a 'plausible' scenario" that "show[s] that the pleader is entitled to relief").

Significantly, constitutional claims for damages or injunctive relief are foreclosed as a matter of law and may not proceed even if the allegations are taken as true.  First, constitutional claims against federal officers or employees in their official capacities for injunctive relief are barred because there is no waiver of sovereign immunity.  "The United States, as a sovereign, is immune from suit save as it consents to be sued[.]"  *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted).  This immunity applies with equal force to suits against federal agencies.  *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  The "basic rule of federal sovereign immunity is that the United States [and its agencies] cannot be sued at all without the consent of Congress."  *Block v. North Dakota ex rel. Bd. of Univ. & School Lands*, 461 U.S. 273, 287 (1983).

"Sovereign immunity is jurisdictional in nature."  *Meyer*, 510 U.S. at 475.  Accordingly, "a party bringing suit against the United States bears the burden of proving that the government has unequivocally waived its immunity."  *Tri-State Hosp. Supply Corp. v. United States*, 341 F.3d 571, 575 (D.C. Cir. 2003).  If a plaintiff cannot establish such an unambiguous waiver of immunity as to its claims, those claims must be dismissed for lack of subject-matter jurisdiction.  *See, e.g.*, *Jackson v. Bush*, 448 F. Supp. 2d 198, 200 (D.D.C. 2006) (citing *Tri-State Hosp.*, 341 F.3d at 275) ("[W]hen defendants who are sued in their official capacities raise the doctrine of sovereign immunity as a bar to claims brought against them, a plaintiff must overcome the defense of sovereign immunity in order to establish the jurisdiction necessary to survive a Rule 12(b)(1) motion to dismiss.").

To the extent the complaint is liberally read to include official-capacity claims against the defendant, they are, by extension, against the United States.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Dougherty v. United States*, 156 F. Supp. 3d 222, 232 (D.D.C. 2016) ("[I]t is clear beyond cavil that a suit against a government employee in his [or her] official capacity qualifies as a suit against the government.").  And the doctrine of sovereign immunity bars Plaintiff's claims, absent a specific and unequivocal waiver of immunity by the United States. *Clark v. Libr. of Cong.*, 750 F.2d 89, 103 (D.C. Cir. 1984).

Constitutional tort claims are untenable because there is no available waiver of sovereign immunity (even assuming derivative jurisdiction did not bar these claims, which it also does). Constitutional tort claims may not proceed under the FTCA.  *Coulibaly v. Kerry*, 213 F. Supp. 3d 93, 126 n.25 (D.D.C. 2016).  The absence of a waiver of sovereign immunity is a jurisdictional defect requiring dismissal of all constitutional tort claims.  *See Kim v. United States*, 632 F.3d 713, 715 (D.C. Cir. 2011) (citing *Clark v. Libr. of Cong.,* 750 F.2d 89, 103 (D.C. Cir. 1984)); *Marshall v. Reno*, 915 F. Supp. 426, 434 (D.D.C. 1996); *Dickson v. United States*, 831 F. Supp. 893, 899 (D.D.C. 1993).  The due process claim also fails as a matter of law.  The proceedings in *Klayman*, Civ. A. No. 06-0670, and any related appeals will provide the process that it is due regarding the claims at issue there, and the complaint otherwise pleads no fact that blocks Klayman's access to any court because no party or attorney has an absolute right to use electronic case filing, which is a matter of convenience.  The Complaint essentially insists on a particular kind of access, but that fails to state a due process or access violation.  *Iqbal*, 556 U.S. at 678–79; *see generally Smalls v. United State*s, 471 F.3d 186, 191 (D.C. Cir. 2006) ("A federal district court lacks jurisdiction to review decisions of other federal courts.").  The FTCA excludes intentional torts, including fraud, misrepresentation, defamation, and abuse of process, 28 U.S.C. § 2680(h), and it does not apply

- 15 -

to discretionary actions, 28 U.S.C. 2680(a), like those undertaken by judges.  More fundamentally, where it applies, the FTCA provides an exclusive remedy against the United States for acts or omissions negligently undertaken by federal employees when there is a private analogue; its limited waiver of sovereign immunity does not cover the claims advanced in the complaint because operating federal courts is a government function for which there is no private analogue.  *See* 28 U.S.C. §§ 2674, 2679.

Even if not barred as impermissible claims, the Complaint also fails to allege proper administrative exhaustion required by the FTCA prior to suit.  Title 28, Section 2675 of the U.S. Code requires written presentation of tort claims to the relevant agency prior to filing a lawsuit. Applicable regulations require administrative claims to give reasonable notice to the government of the basis for the claim and a sum certain for the damages demanded.  28 C.F.R. § 14.2(a); *GAF Corp. v. United States*, 818 F.2d 901, 919 (D.C. Cir. 1987).  This exhaustion requirement is strictly enforced by the courts, and failure to comply will deprive a district court of jurisdiction.  *See*, *e.g.*, *Norton v. United States*, 530 F. Supp. 3d 1, 6–7 (D.D.C. 2021) ("The D.C. Circuit has consistently held that the "FTCA's requirement of filing an administrative complaint with the appropriate agency prior to instituting an action [is] jurisdictional.") (citing cases); *GAF*, 818 F.2d at 904–05 (section 2675(a) imposes a "jurisdictional prerequisite to the maintenance of a tort suit against the United States").  Plaintiff has failed to include any well-pled factual allegations in the complaint that he presented a claim to the Administrative Office of the Courts with a sum certain prior to filing this action.  Accordingly, plaintiff has failed to satisfy the exhaustion requirement contained in 28 U.S.C. § 2675, thus depriving this court of jurisdiction over any tort claims.  *See Hammond v. Fed. Bureau of Prisons*, 740 F. Supp. 2d 103, 111 (D.D.C. 2010); *see also Davis v. United*

*States*, 944 F. Supp. 2d 36, 39 (D.D.C. 2013) (dismissing FTCA claim where plaintiff failed to file an administrative claim before filing his complaint).

There are no other claims presented in the complaint or that should be construed or considered by the Court for possible amendment. *See Richardson v. United States*, 193 F.3d 545, 549 (D.C. Cir. 1999). Accordingly, the Court should dismiss this frivolous action immediately because the Supreme Court has repeatedly and consistently recognized the hardships and imposition that suits against federal officers personally have on them and the performance of their duties. *E.g., Harlow v. Fitzgerald*, 457 U.S. 800, 814 (1982); *accord Butz v. Economou*, 438 U.S. 478, 507–08 (1978). That recognition prompted the Court's admonishment that insubstantial *Bivens* suits should be "quickly terminated." *Harlow*, 457 U.S. at 808 (quoting *Butz*, 438 U.S. at 507–08).

## IV.    Insufficient Service of Process and the Absence of Proof of Adequate Service on the Docket Also Warrant Dismissal.

As of the filing of this motion, the defendant has not been validly served in this case, and the time for doing so has expired. The Superior Court and Federal Rule of Civil Procedure 4 (which are substantially identical) set forth the means and time limit it for service of process. Among other things, Rule 4(c)(2) provides that a party to the action may not serve the summons and complaint. Rule 4(i) sets forth basic and clear requirements for service of process on defendants in cases brought against federal government officials in their personal or official capacities. To comply fully, service on the named officer, the local United States Attorney, and the Attorney General of the United States is required. Fed. R. Civ. P. 4(i)(1)(A)(ii) (requiring a party, among other things, to "serve the United States" when suing a United States agency or an officer or employee in her official or individual capacity), Fed. R. Civ. P. 4(i)(2). The Rule explains in detail how to serve each (including but not limited to "delivering" a copy of the

summons and complaint to the defendant's "usual place of abode"), and Rule 4(m) sets a ninety-day timeframe for service, warning that district courts "must" dismiss the action unless Rule 4(i)(4) allows an extension to cure certain defects (not present here) or the district court otherwise finds good cause for an appropriate extension beyond the ninetieth day. *See Mann v. Castiel*, 681 F.3d 368, 376 (D.C. Cir. 2012). And "good cause exists 'when some outside factor . . . rather than inadvertence or negligence, prevented service,' . . . for example, a defendant's intentional evasion of service." *Id.* at 374 (quoting *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007)). In short, "[g]ood cause means a valid reason for delay." *Mann*, 681 F.3d at 375 (internal quotation marks omitted).

In this case, Plaintiff appears from the docket to have taken no steps at all to effectuate service. There are additional forms of service required in actions filed against government actors sued in their personal capacity. *See* Fed. R. Civ. P. 4(i)(3) (requiring service also under Rule 4(e)); Super. Ct. R. 4(i)(3). Significantly, the United States Attorney's Office has no record of proper service on the United States Attorney as required by Rule 4(i). The time for service has expired, and Defendant seeks dismissal for failure to effect proper service under Rule s because service and filing of it are undone. *See Morrissey v. Mayorkas*, 17 F.4th 1150, 1157–58 (D.C. Cir. 2021), *cert. denied*, 143 S. Ct. 624 (2023). Nothing about Plaintiff proceeding *pro se* in this matter exempts him from these rules, of which he is aware based on his formal legal training and years of practice in this Court. *See Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1007 (D.C. Cir. 1986) ("The Federal Rules of Civil Procedure are to be applied in all civil actions absent a direct expression of congressional intent to the contrary.").

The existence of judicial immunity for all claims asserted would clearly outweigh any equitable factors making dismissal without prejudice for noncompliance with Rule 4(m) inappropriate.  *See Mann*, 681 F.3d at 376.

<u>**CONCLUSION**</u>

For the foregoing reasons, this Court should dismiss the Complaint.

Dated:  February 2, 2024

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: */s/ Jane M. Lyons*  _____
JANE M. LYONS, D.C. Bar #451037
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
Phone: (202) 252-2540
jane.lyons@usdoj.gov

*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 2, 2024, I caused a copy of the foregoing Defendant's Motion of Dismiss to be served by sending a duplicate copy by the United States Postal Service, with first class postage prepaid and addressed to:

LARRY KLAYMAN
7050 W. Palmetto Park Rd.
Boca Raton, FL 33433

<u>/s/ Jane M. Lyons</u>
JANE M. LYONS
Assistant United States Attorney