UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY KLAYMAN,

    Plaintiff,

v.

HON. COLLEEN KOLLAR-KOTELLY,

    Defendant.

Civil Action No. 23-3773 (TJK)

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

There is no question that Judge Kollar-Kotelly denied Plaintiff Larry Klayman's request for electronic filing privileges without prejudice in a case long-pending before her. Compl. ¶ 1; Def.'s Mem. (ECF No. 6) at 1-2. Had plaintiff included in his motion for such privileges the information that he now puts before this Court for the first time in opposing the motion to dismiss, it is likely that the perceived need for this action would never have arisen because the attendant costs and difficulties of submitting filings would ordinarily supply a basis for granting electronic filing privileges. But he did not. *Compare* Opp. at 1-3, with Exhibit 1 (Plaintiff's Mot. for CM/ECF User Name and Password filed on Feb. 2, 2022 as ECF No. 639 in *Klayman v. Jud. Watch, Inc.*, Civ. A. No. 06-0670 (CKK)).[1] And judges are not mind readers. As a highly experienced district judge, defendant considers dozens, if not hundreds, of requests by pro se parties for CM/ECF privileges each year, and she consistently grants them when there is a reason

---

[1] The Court may take judicial notice of documents filed on dockets of the district court. *See Lewis v. Drug Enf't Admin.*, 777 F.Supp.2d 151, 159 (D.D.C. 2011) ("The court may take judicial notice of public records from other court proceedings.") (citing *Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005)).

to do so and the pro se party has not shown a pattern of abusing electronic filing privileges in the past. Nothing in the complaint or plaintiff's opposition to the motion to dismiss constitutes well-pled factual material that calls into any material doubt that defendant followed her ordinary process for considering pro se parties' requests for CM/ECF privileges. The denial of requested relief without prejudice means plaintiff was free to submit another request for CM/ECF access at any time. Plaintiff's attempts to besmirch defendant's reputation by filing this frivolous action appears to be for purposes of harassment because the complaint repeats the same spurious allegations of judicial bias that have previously been rejected on appeal in *Klayman v. Judicial Watch, Inc.*, 6 F.4th 1301 (D.C. Cir. 2021), and elsewhere. This latest attempt should likewise not be countenanced by this Court. *See id.* at 1321 ("Klayman's multitude of asserted errors fail. Judge Kollar-Kotelly presided over this litigation commendably, without any error that Klayman has identified."). Instead, the Court should promptly dismiss this action by acknowledging defendant's absolute judicial immunity because it is the strongest and most direct way of discouraging similarly vexatious litigation by plaintiff (and other disappointed litigants) in the future. *See* 28 U.S.C. § 1927.[2] There is no right to CM/ECF privileges in federal court. Permission to file directly on a court's docket is a privilege, and denying a request for them without prejudice in the absence of a properly supported request explaining the financial cost and logistical difficulties already encountered is not a proper subject for inquiry by another district court or a

---

[2]  By virtue of his past or current litigation activity, plaintiff is an "attorney or other person admitted to conduct cases in any court of the United States" within the meaning of this statute who could be "required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred" upon a finding of multiplying the proceedings "unreasonably and vexatiously." Defendant is currently represented by the Department of Justice which is not, at this time, requesting an award of fees.

sufficient set of allegations to sustain any valid claim for relief that can withstand the well-established doctrine of judicial immunity.

Plaintiff's arguments in opposition to defendant's motion to dismiss are unpersuasive. Tellingly, the introduction and summary of the complaint's allegations omit any allegation establishing a basis for defendant knowing about the purported costs plaintiff claims are attendant to his litigating an old case in the District of Columbia while residing in Florida or about any problems plaintiff may have experienced with "enormous delays" (of unspecified duration, Pl.'s Opp. at 2) or with the Clerk's Office stemming from the withdrawal of plaintiff's access to ECF.

Additionally, plaintiff's discussion of the standards of review is flawed. Plaintiff references the standards for review of motions made under Federal Rule of Civil Procedure ("Rule") 8(a), but defendant has not requested any relief under that rule. The pending motion is under Rule 12(b)(1), (5), and (6). Regarding Rule 12(b)(1), the opposition also cites authorities from the District of Columbia Court of Appeals, but those cases are not binding; moreover, the analysis of subject matter jurisdiction is distinct because federal courts are of limited jurisdiction whereas the District of Columbia's courts are not. The authorities cited in defendant's memorandum of support of her motion to dismiss govern, and each of plaintiff's arguments is refuted below.

I.      **Derivative Jurisdiction**

Plaintiff argues (Opp. at 4-5) that the Superior Court had jurisdiction over claims brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), in which the Supreme Court implied a damages remedy against narcotics agents for an alleged warrantless entry, search, and arrest inside a home. Although subsequently applied in certain other narrow circumstances not present here, the Supreme Court has indicated more recently that the

universe of such claims is unlikely to be expanded to new contexts or defendants, *Hernández v. Mesa*, 140 S. Ct. 735, 741-43 (2020) (collecting cases); *accord Egbert v. Boule*, 142 S. Ct. 1793, 1799-1800 (2022), and plaintiff points to no case in which the Superior Court (or any other court) utilized jurisdiction under a *Bivens* theory in a claim brought against a federal judge arising out of a ruling in a federal case. The case cited in plaintiff's opposition (at 4), *Powell v. Washington Land Co.*, 684 A.2d 769, 770 (D.C. 1996), does not involve *Bivens* claims, and plaintiff's argument ignores the language he himself quotes about the general jurisdiction of District of Columbia Courts to apply local law. *Id.* at 770. *Bivens* claims, where they exist against individual federal officers or employees in their personal capacity, are grounded in the United States constitution, which is not a source of "local law" to which either the general jurisdiction of the Superior Court extends or the *Powell* court refers.

Plaintiff's opposition improperly seeks to shift the burden to defendant to prove the negative: that jurisdiction does not exist. But it is plaintiff who bears the burden, whether challenged or not, of establishing a basis for jurisdiction for each claim asserted. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Thus, plaintiff's argument is unavailing because he fails to identify any case supporting the proposition that the Superior Court's jurisdiction may be founded upon *Bivens*. In *Wade v. District of Columbia*, 310 A.2d 857 (D.C. 2002), the District of Columbia Court of Appeals analogized certain principles discussed in *Bivens* but the case was brought against the District of Columbia, not the individual arresting police officers who would be the only proper defendants in a *Bivens* case, and subject matter jurisdiction was grounded in the common law doctrine of *respondeat superior*. *Id.* at 863.

Because nothing in the complaint or plaintiff's opposition demonstrates any basis for the Superior Court's jurisdiction over this action, this Court lacks subject matter jurisdiction under the derivative jurisdiction doctrine. Dismissal is required by Rule 12(b)(1).

## II.     Judicial Immunity

In responding to arguments for dismissal of the entire action, not just particular claims, based on the doctrine of judicial immunity, plaintiff argues that there is no judicial immunity from injunctive relief allowing him to file electronically, citing a case involving a district court enjoining one of its own magistrate judges from applying certain criteria to bail decisions. *See* Pl.'s Opp. at 5. The district court's supervision of its magistrate judges, addressed in *Pulliam v. Allen*, 466 U.S. 522 (1984), is not equivalent to district judges policing each other because magistrate judges are subordinate. This is precisely why redressing any harmful legal errors or abuses of discretion involving *Klayman v. Judicial Watch, Inc*. are solely the province of the D.C. Circuit through either direct appeal of a final or appealable order or mandamus. The D.C. Circuit would have the power to instruct defendant to grant plaintiff CM/ECF filing privileges, but a separate action filed to ask other judges to do so is untenable.

Plaintiff's opposition partially misunderstands *Smith v. Scalia*, 44 F. Supp. 3d 28 (D.D.C. 2014), and improperly relies on *Wagshal v. Foster*, 28 F.3d 1249 (D.C. Cir. 1994), by removing general statements in dicta from their surrounding moorings. *See* Pl.'s Opp at 6. *Smith* (citied in Def.'s Mem. at 9-10) held that requests for injunctive relief against another judge were subject to dismissal. The *Smith* court went so far as to conclude that the associated causes of action seeking removal of the judge from the federal bench and grand jury proceedings in which plaintiff would serve as a private Attorney General were so far from being viable causes of action that, in combination with other considerations, it warranted a pre-filing injunction requiring Smith to be

represented by counsel or to obtain leave of court prior to filing additional actions in the District of Columbia. *See Smith*, 44 F. Supp. 3d at 43-44, 46-48. The same is true here. As a matter of mostly hyper-technicality, it is true that proper requests for injunctive relief may not be barred by absolute immunity, but dismissal is still warranted because plaintiff lacks a cause of action not barred by absolute immunity, and there is no freestanding cause of action for injunctive relief. *See Base One Techs., Inc. v. Ali*, 78 F. Supp. 3d 186, 199 (D.D.C. 2015) (dismissing purportedly freestanding claim for injunctive relief).

*Wagshal* addressed the type of immunity afforded to a mediator (quasi-immunity), and thus, does not provide support for circumventing judicial immunity and allowing one district judge to entertain requests for an injunction against anther sitting district judge. Because the complaint here clearly alleges that defendant is a federal judge being sued for denying a motion in a civil case in which plaintiff alleges jurisdiction exists, this case falls squarely in the heartland of absolute judicial immunity with respect to recovery of monetary damages. Plaintiff's opposition asserts without support that "with regard to Mr. Klayman's claim for monetary relief, . . . there can be no immunity to intentionally violate an individual's constitutional rights." Pl.'s Opp. at 7. This is incorrect, as authorities cited in Defendant's Memorandum indicate. Plaintiff's opposition makes no attempt to distinguish cases such as *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993), and *Kissi v. United States*, Civ. A. No. 08-1213, 2008 WL 3154971 at *1 (D.D.C. Aug. 5, 2008), and thus largely concedes that the complaint's claims for damages are barred by judicial immunity. The failure to respond to an argument with anything other than denial does not allow meaningful rebuttal, nor does it preserve any issue. *See United States v. TDC Mgmt. Corp.*, 827 F.3d 1127, 1130 (D.C. Cir. 2016). The law review articles cited in plaintiff's opposition (at 6-7) academically explore policy reasons why judicial immunity exists or could be refashioned, particularly where

civil rights are impacted, but those ideas are not well directed to a court of law bound to apply legal precedents.

### III. Failure to State a *Bivens* Claim and Absence of Argument in the Opposition Concerning Any Other Claim

Plaintiff's opposition (at 7-11) contends solely that the complaint states valid *Bivens* claims for violations of the First and Fifth Amendments. That is incorrect as a matter of law. *See Liff v. Off. of Insp. Gen. for Dep't of Lab.*, 881 F.3d 912, 917-18 (D.C. Cir. 2018). Notwithstanding the relative length of this portion of plaintiff's opposition, it ultimately cannot escape the fact that in a dozen cases over more than the last forty years, the Supreme Court has "consistently rebuffed requests" to extend *Bivens* to any new context or category of defendants. *Hernández*, 140 S. Ct. at 741-43 (collecting cases); *accord Egbert*, 142 S. Ct. at 1799-1800. Federal judges denying requests for electronic filing access are outside the ambit of recognized *Bivens* remedies, and the case on which plaintiff relies most for an implied remedy under the First and Fifth Amendment (equal protection clause), *Navab-Safavi v. Broadcasting Board of Governors*, 650 F. Supp. 2d 40 (D.D.C. 2009), was decided before the Supreme Court declined to extend *Bivens* to the First Amendment context in *Egbert*. Pl.'s Opp. at 9. Also, the complaint in this case cites the due process clause in the Fifth Amendment rather than the equal protection clause as claimed in *Navab-Safavi*, and thus presents a different context than has ever been recognized for a *Bivens* remedy. Thus, there is significant reason to doubt that *Navab-Safavi* would be decided the same way today.

In *Loumiet v. United States*, 948 F.3d 376 (D.C. Cir. 2020), the D.C. Circuit Court reversed the district court's denials of motions to dismiss and for reconsideration on which plaintiff relies. *See* Pl.'s Opp. at 9-10. This controlling authority, unmentioned by plaintiff, is largely if not entirely dispositive of the issue of whether allegations that federal officials exceed the scope of their constitutional authority when they perform their ordinary duties state a cognizable claim. The

D.C. Circuit found both that First Amendment free speech retaliatory prosecution claim presented a new context, weighing against its recognition under *Bivens,* and that special factors counseled hesitation against recognition of the claim under *Bivens*.  *Loumiet*, 948 F.3d at 380-85.  Plaintiff's self-characterized "sacrosanct due process rights" (Pl.'s Opp. at 10), which likely do not include the right to access CM/ECF systems at will when other means are available, may and must be redressed, if at all, through the ordinary process available to all litigants through exercise of appellate opportunities.  *See Ziglar v. Abassi*, 137 S. Ct. 1843, 1857-58 (2017).

Notably, *Bivens* does not create any remedy other than one for money damages, and plaintiff's opposition presents no argument in support of any type of claims other than *Bivens* claims.  Accordingly, because the *Bivens* claims are implausible and plaintiff's silence about other types of claims concedes their implausibility, *Dialysis Patient Citizens v. Azar*, Civ. A. No. 20-1664 (TSC), 2021 WL 184318, at *6 (D.D.C. Jan. 19, 2021), the Court can also or in the alternative to dismissal for lack of subject matter jurisdiction, dismiss the complaint for failure to state a claim under Rule 12(b)(6).

### IV.     Persistent Deficiencies in Service of Process

Defendant's motion to dismiss preserves a defense based on insufficient service of process.  Def.'s Mem. at 17-19.  Plaintiff's opposition to dismissal based on insufficient service of process proffers his "courtesy and respect for Judge Kollar-Kotelly's status as a federal judge" as an excuse for failing to serve defendant personally (Pl.'s Opp. at 11), but offers no reason whatsoever for failing to serve the United States Attorney in a timely or compliant manner or the Attorney General ever, as plaintiff effectively concedes through silence in the opposition is also required.  Despite claiming to have served the U.S. Attorney (Pl.'s Opp. at 11), plaintiff has yet to file any proof of

any of the three elements of service well more than twenty-one days after the deadline has expired and without having proffered any reason for missing or requesting to extend the deadline.

As of the filing of this reply, the records of the U.S. Attorney's Office now reflect the receipt of the Superior Court summons and complaint on February 6, 2024, which was seven weeks after defendant removed this case to this Court, but this attempt at service is invalid because it was undertaken by plaintiff. *See* Exhibit 2 (Jan. 22, 2024 Transmittal Letter to U.S. Attorney Graves from plaintiff). As noted in defendant's Memorandum (at 17), "Rule 4(c)(2) provides that a party to the action may not serve the summons and complaint." As a result, as of the filing of this reply, plaintiff has still failed to perfect service of process even on the United States Attorney and does not claim to have taken any steps to serve the Attorney General. Nor does plaintiff's opposition suggest the existence of any good cause for excusing this or for extending more time. Plaintiff's request for additional time to correct his deficiencies is not procedurally proper through presentment in an opposition. Defendant has raised the deficiencies in service from the notice of removal (ECF No. 1, ¶ 1), and plaintiff cites no authority for the proposition that Rule 12(b)(5) can be invoked any sooner than that and in a motion to dismiss, regardless of whether a defendant's counsel files that motion. There are no grounds on this record on which to find an expressed or implied waiver of service.

Plaintiff's opposition contends (at 11) that it is somehow unseemly for defendant to point out the unsatisfied technicalities of service, but defendant is unwilling to waive any defense at this time. Service of process is how courts gain personal jurisdiction, and the requirements are not mere technicalities to be lightly disregarded. Because there are solid reasons besides the failure of service for dismissal of this case, defendant urges the Court to consider the defects other than service first. Should the Court not dismiss and reopen the time for plaintiff to follow the rules

governing service, defendant's counsel will contact plaintiff (or his counsel if an attorney enters an appearance) to confer about personal service on defendant required by Rule 4(i).

## CONCLUSION

For all these reasons and those set forth in Defendant's Memorandum, the Court should dismiss this case pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) or, in the alternative, consider whether to dismiss under Rule 12(b)(5) or to reopen the time for service to allow plaintiff to correct his admitted and demonstrated errors in perfecting service.

Dated: February 28, 2024                    Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:    *Jane M. Lyons*
JANE M. LYONS, D.C. Bar #451737
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2540
Jane.Lyons@usdoj.gov

*Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

I certify that on February 28, 2024, I caused a copy of the foregoing Defendant's Reply to Plaintiff's Opposition to Motion of Dismiss to be served by sending a duplicate copy by the United States Postal Service, with first class postage prepaid and addressed to:

LARRY KLAYMAN
7050 W. Palmetto Park Rd.
Boca Raton, FL 33433

*/s/ Jane M. Lyons*
JANE M. LYONS
Assistant United States Attorney