**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| LARRY ELLIOT KLAYMAN,<br><br>      Plaintiff,<br><br>    v.<br><br>COLLEEN KOLLAR-KOTELLY,<br>*HON.*,<br><br>      Defendant. | Case No. 23-cv-3773 (JMC) |

## MEMORANDUM OPINION

*Pro se* Plaintiff Larry Klayman has sued a judge of this District, the Honorable Colleen Kollar-Kotelly, over an order she issued which denied Klayman's request to file documents electronically in one of his cases. Klayman alleges that the order violated his constitutional rights. As relief, Klayman seeks money damages against Defendant and an order from this Court that he be allowed to file electronically in his cases before her. Defendant has moved to dismiss on various grounds, including for lack of subject-matter jurisdiction and failure to state a claim. For the reasons discussed below, the Court will **GRANT** Defendant's motion to dismiss.[1]

## I.   BACKGROUND

This lawsuit is one of many arising from an earlier civil lawsuit between Klayman and the organization he founded in 1994, Judicial Watch. *See Klayman v. Rao*, 49 F.4th 550, 551 (D.C. Cir. 2022) (discussing the history of the *Judicial Watch* case and Klayman's associated lawsuits,

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

including prior lawsuits against Judge Kollar-Kotelly). Klayman eventually sued Judicial Watch, and the case was assigned to Judge Kollar-Kotelly.[2] *See Klayman v. Judicial Watch, Inc.*, 06-cv-670 (D.D.C.). Over the course of the litigation, Klayman filed "numerous discovery and pretrial motions, including five motions for Judge Kollar-Kotelly's recusal." *Klayman v. Rao*, No. 21-cv-2473, 2021 WL 4948025, at *1 (D.D.C. Oct. 25, 2021), *aff'd*, 49 F.4th 550 (D.C. Cir. 2022); *see also* ECF 1-1 ¶¶ 5, 8–9.

The local rules of this Court provide that a *pro se* party may obtain a "CM/ECF username and password"—granting them the ability to file documents electronically rather than by mail or in person—"with leave of Court." LCvR 5.4(b)(2). "Whether leave of Court should be granted is within the discretion of the judge to whom the case is assigned." *Id.* On February 2, 2022, Klayman filed a motion in the *Judicial Watch* case requesting that Judge Kollar-Kotelly grant him access to file electronically. *See Judicial Watch*, 06-cv-670 (D.D.C.), ECF 639. Two days later, Judge Kollar-Kotelly denied the request in a minute order, with the relevant portion reading as follows:

> In his Motion, Plaintiff seeks "leave to file electronically" in this case. Pursuant to Local Rule of Civil Procedure 5.4(b), a "pro se party may obtain a CM/ECF user name and password from the Clerk with leave of Court." The decision whether to grant the motion "is within the discretion of the judge to whom the case is assigned." The Motion must describe the party's access to the internet and certify that he "either has successfully completed the entire Clerk's Office on-line tutorial or has been permitted to file electronically in other federal courts." LCvR 5.4(b)(2). The Court DENIES WITHOUT PREJUDICE Plaintiff's Motion. Plaintiff has demonstrated sufficient ability to file pleadings on the docket. Each of the Court's Orders and Minute Orders in this case will specify that the Clerk shall mail a copy of the order to Plaintiff at his address of record. Defendants similarly must ensure that each filing is properly served upon Plaintiff in accordance with the Federal and Local Rules.

*Judicial Watch*, 06-cv-670 (D.D.C.), Feb. 4, 2022 Min. Order; ECF 1-1 ¶ 10.

---

[2] The docket for the case indicates that the case was terminated in 2023, but Klayman has continued to file various post-judgment motions and notices through October 2025. *See Klayman*, 06-cv-670 (D.D.C.).

Klayman never renewed his request for electronic filing privileges. Instead, he filed a complaint against Judge Kollar-Kotelly in the Superior Court for the District of Columbia, alleging that she had violated his rights under the First and Fourteenth Amendments of the U.S. Constitution, bringing his claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). ECF 1-1 ¶¶ 22–34. Klayman states that Defendant had "no rational explanation" for her decision and was "driven by a vindictive and irrational intent to deprive" him "of the ability to participate meaningfully in the" *Judicial Watch* case. *Id.* ¶ 12. Klayman requests money damages against Defendant as well as "injunctive and equitable relief" in the form of an order "mandating that he be allowed to file electronically in all cases before her." ECF 1-1 ¶¶ 28, 34; *id.* at 7.

Defendant removed the case to this Court pursuant to 28 U.S.C. § 1442(a)(1), *see* ECF 1, and has moved to dismiss on various grounds, including for lack of subject matter jurisdiction and failure to state a claim,[3] ECF 6; ECF 9. Klayman opposes. ECF 8. The Court proceeds to address the motion.

## II.    LEGAL STANDARD

Defendant first moves to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1). "Federal courts are courts of limited jurisdiction," and it is generally "presumed that a cause lies outside [of] this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). If a court lacks subject matter jurisdiction to entertain a claim, it must dismiss that claim. Fed. R. Civ. P. 12(h)(3). While pleadings by *pro se* litigants are generally "held to less stringent standards than formal pleadings," it is well-settled that a plaintiff, even one

---

[3] Defendant also moved to dismiss on the ground that Klayman had failed to properly serve her. ECF 6 at 24–25. The Court need not address this basis for dismissal given that the Court dismisses the complaint on other grounds.

proceeding *pro se*, bears the burden of establishing jurisdiction.[4] *Smith v. Scalia*, 44 F. Supp. 3d. 28, 36 (D.D.C. 2014), *aff'd*, No. 14-5180, 2015 WL 13710107 (D.C. Cir. Jan. 14, 2015). As when adjudicating a 12(b)(6) motion for failure to state a claim, the Court "must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff, . . . but it need not accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." *Id.* at 35–36. However, when considering a motion to dismiss for lack of jurisdiction, a court "must scrutinize the plaintiff's allegations more closely" than it would "under a motion to dismiss pursuant to Rule 12(b)(6)." *Schmidt v. U.S. Capitol Police Bd.*, 826 F. Supp. 2d 59, 65 (D.D.C. 2011). Sovereign immunity is "jurisdictional in nature," *FDIC v. Meyer*, 510 U.S. 471, 475 (1994), and "a claim barred by sovereign immunity . . . may be dismissed under a 12(b)(1) motion," *Edwards v. United States*, 211 F. Supp. 3d 234, 236 (D.D.C. 2016).

As for a 12(b)(6) motion, a complaint will survive dismissal for failure to state a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 678–79.

---

[4] While Klayman is currently proceeding *pro se*, he has previously practiced as a lawyer, including before the District Court for the District of Columbia, and is thus not "invariably" entitled to benefit from the "liberal pleading standard for *pro se* litigants." *Spence v. U.S. Dep't of Veterans Affs.*, 109 F.4th 531, 538, 543 (D.C. Cir. 2024) (leaving the decision of whether to liberally construe *pro se* attorneys' pleadings "to the sound discretion of the district court"); *see* ECF 1-1 ¶ 5. However, the Court remains obligated to "construe complaints 'so as to do justice,'" and will do so as necessary in this case. *Spence*, 109 F.4th at 538 (citing Fed. R. Civ. P. 8(e)).

## III.    ANALYSIS

Defendant raises multiple grounds for dismissal, including that the claims against her are barred by the doctrines of derivative jurisdiction, sovereign immunity, and judicial immunity. Although the doctrines of sovereign immunity and absolute judicial immunity "both lead to the same result, these two grounds for dismissal have different bases under the federal rules." *Smith*, 44 F. Supp. 3d at 40 n.10. "Sovereign immunity strips the court of jurisdiction and thus renders dismissal appropriate under Rule 12(b)(1)." *Id.* "By contrast, absolute judicial immunity is a non-jurisdictional bar to a 'claim asserted against a federal judge stemming from official judicial acts' and is thus 'subject to dismissal under Rule 12(b)(6) for failure to state a claim.'" *Id.* (quoting *Tsitrin v. Lettow*, 888 F. Supp. 2d 88, 91 (D.D.C. 2012)).

**A.    To the Extent Klayman Sues Defendant in Her Official Capacity, His Money Damages Claims are Barred by a Lack of Derivative Jurisdiction and Sovereign Immunity.**

Klayman's complaint names Judge Kollar-Kotelly as a Defendant, but does not make clear whether he sues her in her official or personal capacity. *See generally* ECF 1-1. The distinction is important because "sovereign immunity"—a jurisdictional bar—"applies equally to the government itself and to any federal official sued in his or her official capacity." *Smith*, 44 F. Supp. 3d at 38. Klayman's complaint styles his constitutional causes of action as being brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which is traditionally seen as allowing suits—in certain limited situations—against federal officers for money damages in only their personal capacity. *See, e.g.*, *Scinto v. Fed. Bureau of Prisons*, 608 F. Supp. 2d 4, 8 (D.D.C.) ("*Bivens* by its very nature is a private damages action against individual federal employees for violating a citizen's constitutional rights. . . . It can never be a suit against the sovereign."); *aff'd*, 352 F. App'x 448 (D.C. Cir. 2009); *Smith*, 44 F. Supp. 3d at 38 (construing request for money damages for "judges' alleged violations of [a plaintiff's]

5

constitutional rights" as a *Bivens* action). However, Klayman also seeks injunctive relief against Defendant ordering her to permit him to file electronically in his cases before her, leading the Court to believe that Klayman's complaint sues Defendant in both her personal and official capacities.

However, even if Klayman's complaint is construed as suing Plaintiff in her official capacity for money damages, these claims are barred by the doctrine of derivative jurisdiction and sovereign immunity. The doctrine of derivative jurisdiction is based on the theory "that a federal court's jurisdiction over a" case removed to federal court pursuant to 28 U.S.C. § 1442(a)(1), as was this one, "derives from the jurisdiction of the state court from which the case originated." *Merkulov v. U.S. Park Police*, 75 F. Supp. 3d 126, 129 (D.D.C. 2014); *see also Stafford v. FBI*, No. 24-cv-1586, 2025 WL 2049221, at \*2 (D.D.C. July 22, 2025). "[I]f the State court lacked jurisdiction over the original claim," the removal cannot provide the missing jurisdictional basis, and the federal court "must dismiss [the] case." *Merkulov*, 75 F. Supp. 3d at 129.

To the extent that Klayman has sued an Article III federal judge in her official capacity, she is considered "part of the United States government for the purposes of sovereign immunity," and the burden is on Klayman to show that Congress has expressly waived sovereign immunity. *Smith*, 44 F. Supp. 3d at 38–39. Plaintiff has failed to do so. ECF 8 at 7 (arguing only that judicial immunity does not bar his "claim for monetary relief," but failing to address sovereign immunity). Because Klayman has not met his burden to establish a waiver of sovereign immunity with respect to this particular claim, Klayman has not shown, nor can this court find, "that the D.C. Superior Court possessed subject matter jurisdiction over [Plaintiff's] original claims against" Defendant and the "doctrine of derivative jurisdiction compels dismissal." *Robinson v. HHS*, No. 21-cv-1644, 2021 WL 4798100, at \*4 (D.D.C. Oct. 14, 2021). Klayman has similarly not shown that Congress

has waived sovereign immunity for his claim in federal court, providing an additional jurisdictional basis to dismiss the case. *See Cofield v. United States*, 64 F. Supp. 3d 206, 213–214 (D.D.C. 2014) (finding that lack of waiver of sovereign immunity in federal court and defects in derivative jurisdiction of Superior Court were "independent jurisdictional bar[s]" supporting dismissal of claims). The Court dismisses any money damages claims brought by Klayman to the extent that he seeks them for Defendant's purported constitutional violations committed in her official capacity.

### B. Any Personal Capacity Claims for Money Damages are Barred by Absolute Judicial Immunity.

Klayman's constitutional claims seeking damages also fail to the extent that they have been brought against Defendant in her personal capacity.

Again, "an action for damages brought against federal officials in their individual capacity pursuant to the U.S. Constitution is commonly referred to as a *Bivens* claim." *Hensley v. Off. of Architect of the Capitol*, 806 F. Supp. 2d 86, 92 (D.D.C. 2011). Defendant first points to a jurisdictional basis for dismissal, arguing that the Court lacks jurisdiction over Klayman's *Bivens* claim as a matter of derivative jurisdiction. ECF 9 at 3–4. On this threshold argument, the Court disagrees. "The doctrine of derivative jurisdiction is inapplicable to [Plaintiff's] . . . *Bivens*-claim brought against" Defendant because "states—or here, the District—possess[] concurrent jurisdiction to adjudicate constitutional claims." *Gatlin v. Piscitelli*, No. 18-cv-2716, 2020 WL 515882, at *2 (D.D.C. Jan. 31, 2020); *see Tafflin v. Levitt*, 493 U.S. 455, 458 (1990) ("[W]e have consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States."); *see also Farmer v. Disability Program Manager*, No. 19-cv-1731, 2020 WL 2571521, at *3 (D.D.C. May 21, 2020) ("A *Bivens*

action is almost always brought in federal district court, but a state court of general jurisdiction may certainly hear such a claim as well.").

But even if the Superior Court properly had jurisdiction over Klayman's *Bivens*-style action, his claims for money damages against Defendant in her personal capacity are nevertheless barred by the doctrine of absolute judicial immunity.[5] "[G]enerally, a judge is immune from a suit for money damages." *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Rodriguez v. Ed. in Chief, Legal Times*, No. 07-5234, 2007 WL 5239004, at *2 (D.C. Cir. Dec. 19, 2007). "This absolute immunity protects judges from allegations predicated on actions that they performed in their judicial capacity." *Smith*, 44 F. Supp. 3d at 41. "A judge will not be deprived of immunity because the action [she] took was in error, was done maliciously, or was in excess of [her] authority; rather, [the judge] will be subject to liability only" after acting in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). "In other words, the necessary inquiry in determining whether a defendant judge is immune from suit is whether" the judge "had jurisdiction over the subject matter" when "t[aking] the challenged action." *Smith*, 44 F. Supp. 3d at 41 (quoting *Stump,* 435 U.S. at 356).

Defendant's decision to deny Klayman's motion for leave to electronically file—a discretionary act under this Court's local rules, *see* LCvR 5.4(b)(2)—falls squarely within the broad shield of judicial immunity. *See, e.g.*, *Smith*, 44 F. Supp. 3d at 42 (noting that "absolute immunity unquestionably is applicable, and warranted, whenever a challenged judicial decision was made in the exercise of judicial discretion—without regard to whether the offending judicial act was, itself, illegal or wrongful"). The "remedy for alleged mishandling of a prior case is not a *Bivens* action against the district court and district judge, who enjoys absolute judicial

---

[5] As a result, the Court need not address Defendant's alternative claim that a *Bivens* claim may not be extended to this context. ECF 9 at 7.

immunity, . . . but an appeal or appeals in the prior case." *Howard v. U.S. Dist. Ct. ex rel. D.C.*, 468 F. App'x 12 (D.C. Cir. 2012). Accordingly, insofar as Klayman's complaint seeks money damages from Defendant in her personal capacity pursuant to *Bivens*, these claims must be dismissed under Rule 12(b)(6). *Smith*, 44 F. Supp. 3d at 42.

### C. Klayman's Request for Injunctive Relief is Also Dismissed.

As previously discussed, Klayman also requests injunctive relief against Defendant in the form of an order requiring her to grant him the ability to file documents electronically. ECF 1-1 at 7. Klayman argues that neither sovereign immunity nor judicial immunity bar these claims. ECF 8 at 7. And Klayman is correct that courts in this Circuit, citing to the Supreme Court's decision in *Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984), have acknowledged that "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity." *Smith*, 44 F. Supp 3d at 43; *see also Wagshal v. Foster*, 28 F.3d 1249, 1251 (D.C. Cir. 1994) (stating that a claim for injunctive relief against a court-appointed mediator was "not barred by judicial immunity").

Defendant disputes that cases like *Pulliam* and *Wagshal* are applicable for various reasons, and claims that absolute judicial immunity also extends to requests for "one district judge to entertain requests for an injunction against an[o]ther sitting district judge."[6] ECF 9 at 6. Authority does exist supporting the notion that judicial immunity extends to block certain requests for

---

[6] Defendant also argues that sovereign immunity bars Plaintiff's request for injunctive relief. ECF 6 at 21 (asserting that "constitutional claims against federal officers or employees in their official capacities for injunctive relief are barred because there is no waiver of sovereign immunity"). The *Ex parte Young* doctrine has been interpreted to allow claims for prospective relief alleging "violations of federal law by federal officials," notwithstanding sovereign immunity. *Doe v. Admin. Off. of U.S. Cts.*, No. 25-cv-701, 2025 WL 1134961, at *4 (D.D.C. Apr. 15, 2025) (citing *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 327 (2015)); *cf. Smith*, 44 F. Supp. 3d at 37–40, 42–43 (finding that sovereign immunity barred suit against judges in their official capacity for money damages, but not addressing whether the doctrine also barred a request for injunctive relief, and instead dismissing the claims on cause of action grounds). This exception may not apply to federal judges. *See Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021). However, the Court need not determine whether sovereign immunity bars the request for injunctive relief because, as discussed below, there are independent reasons why the Court lacks subject-matter jurisdiction over these claims.

injunctive relief against a sitting judge, particularly where a "party seeks an injunction compelling a judge to alter an earlier decision." *Klayman*, 2021 WL 4948025, at *3 (finding judicial immunity applied to injunctive relief claims against judges though the Plaintiff—Klayman again—"d[id] not seek money damages in his complaint," because "[a] lawsuit challenging the past decision of judges taken in their judicial capacities is barred by judicial immunity"); *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986); *Windsor v. Evans*, No. 10-cv-0197, 2010 WL 545851, at *1 (D.D.C. Feb. 14, 2010) (noting that "judicial immunity is immunity from suit"), *aff'd on other grounds*, 403 F. App'x 527 (D.C. Cir. 2010).

However, the Court need not definitively decide the issue as a matter of the scope of judicial immunity, because a threshold issue again bars the claim: this Court "lacks jurisdiction" over Klayman's request for injunctive relief against another district court judge. *Klayman*, 49 F.4th at 552; *see Dominguez v. UAL Corp.*, 666 F.3d 1359, 1362 (D.C. Cir. 2012) ("[E]very federal court has a special obligation to satisfy itself of its own jurisdiction before addressing the merits of any dispute."). As a general matter, this Court "lacks jurisdiction to review decisions of other federal courts." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006). And, as Klayman should be well aware given that his prior lawsuits generated the relevant precedent, "because the bases for the constitutional violations Klayman alleges are decisions made in separate legal proceedings by [an]other district court judge[]," this Court lacks subject-matter jurisdiction over his claims for equitable relief. *Klayman*, 49 F.4th at 553; *Jaiyeola v. Neff*, No. 24-5272, 2025 WL 882199, at *1 (D.C. Cir. Mar. 20, 2025); *see also Klayman*, 2021 WL 4948025, at *4 (dismissing Klayman's previous claims against Article III judges for failing to meet Article III standards of redressability

because "this Court cannot compel other Article III judges in this or other districts or circuits to act" (quoting *Sibley v. U.S. Sup. Ct.*, 786 F. Supp. 2d 338, 345 (D.D.C. 2011))).[7]

\* \* \*

For the foregoing reasons, Defendant's motion to dismiss for lack of subject-matter jurisdiction and failure to state a claim, ECF 6, is **GRANTED**. Plaintiff's complaint, ECF 1-1, is **DISMISSED.** A separate order accompanies this memorandum opinion.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: March 17, 2026

---

[7] Further, Klayman's clams for equitable relief would also fail as a matter of derivative jurisdiction. District of Columbia courts "generally adhere to the case and controversy requirement of Article III," including the redressability requirement. *Riverside Hosp. v. D.C. Dep't of Health*, 944 A.2d 1098, 1103–04 (D.C. 2008). Klayman has not met his burden of showing that the Superior Court has the jurisdiction to grant requests for equitable relief against federal judges acting in their judicial capacity, nor does the Court believe that he is likely to do so. *Cf. Donovan v. City of Dallas*, 377 U.S. 408, 412 (1964) ("Early in the history of our country a general rule was established that state and federal courts would not interfere with or try to restrain each other's proceedings."); *M'Kim v. Voorhies*, 11 U.S. (7 Cranch) 279, 281 (1812) ("A State Court has no jurisdiction to enjoin a judgment of the Circuit Court of the U.S.").